**Timothy L. BOOTH, Appellant**

v.

**LORENZO, Deputy; A. Arroyo, Deputy; D. Diguglielmo, Deputy; G.C. Smith, Captain; Dohman, Captain; Barefield, Lt.; Wright, Sgt.; Kopinski, Officer; Pressley, Officer; Grievance Coor. Hatcher; A.J. Kovalchik, Unit Manager; D.T. Vaughn, Superintendent.**

No. 07–3713.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 18, 2008.

Filed: April 22, 2008.

Timothy Booth, Philadelphia, PA, pro se.

Claudia M. Tesoro, Office of Attorney General of Pennsylvania, Philadelphia, PA, for Appellees.

Before: SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Timothy Booth sued prison officials and employees of the State Correctional Institute at Graterford, claiming that they placed him in administrative custody ("AC") and deprived him of his daily exercise period and basic items, namely his toothbrush, socks, soap, and clean clothes,

for six days to cause him pain and suffering and retaliate against him for filing other lawsuits.

In a previous appeal, we affirmed in part and vacated in part the District Court's order dismissing Booth's complaint. *See Booth v. Loreno*, 119 Fed.Appx. 427 (3d Cir.2004). We remanded the case for consideration of Booth's retaliation claim.

At issue in this appeal is the District Court's final order granting a motion for summary judgment in favor of three Defendants, Thomas Wright, David Kopinski, and Dannette Pressley, on the retaliation claim. The District Court concluded that Booth did not exhaust his administrative remedies. Booth also moves for appointment of counsel.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's grant of summary judgment. *See Abramson v. William Paterson College*, 260 F.3d 265, 276 (3d Cir.2001).

Booth makes two main arguments on appeal. He claims that Judge Wolfson and Magistrate Judge Hughes were biased against him. He also contends that he exhausted his administrative remedies.

■ First, we reject Booth's unsupported claims of bias. To the extent his claims have a foundation, they are grounded in his dissatisfaction with rulings in the District Court. Booth's displeasure with the outcome does not require recusal of Judge Wolfson or Magistrate Judge Hughes. *See SecuraComm Consulting, Inc. v. Secu-*

*racom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

We need not resolve whether Booth exhausted his administrative remedies (under DC–ADM 804 or DC–ADM 802).[2] Even if Booth exhausted his administrative remedies under DC–ADM 804, or, if that was unavailable, under DC–ADM 802, the District Court still properly entered summary judgment in favor of Defendants. *See Erie Telecomms. v. Erie*, 853 F.2d 1084, 1089 (3d Cir.1988) (holding that a correct decision by a District Court may be affirmed "on grounds different from those used by the lower court in reaching its decision").

To establish a retaliation claim, a prisoner must show that "1) the conduct in which he was engaged was constitutionally protected; 2) he suffered 'adverse action' at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." *Carter v. McGrady*, 292 F.3d 152, 157–58 (3d Cir. 2002) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.2001)). If a prisoner establishes a prima facie case, the defendant must show by a preponderance of evidence that the same decision would have been made absent the protected conduct for reasons reasonably related to penological interest. *Id.*

■ Defendants do not dispute that Booth engaged in protected conduct or that he was subject to an adverse action. They claim that he could not show that

---

1. Although the District Court marked the case closed in its order, the District Court also dismissed the claims against the three Defendants "without prejudice." However, Booth, who appears to stand on his complaint, cannot amend his pleading to prove exhaustion, so the order is final and appealable despite the "without prejudice" designation. *See Borelli v. Reading*, 532 F.2d 950, 952 (3d Cir. 1976).

2. Although Defendants argue to the contrary, Booth presented his argument based on DC–ADM 802 to the District Court. Not only did he argue generally that he exhausted his administrative remedies, but he also specifically noted his compliance with DC–ADM 802 more than once, including in his complaint and in his objections to the Magistrate Judge's report and recommendation.

they had any knowledge of his protected activity, namely filing lawsuits. In affidavits, Defendants denied having knowledge of Booth's protected activity. To counter Defendants' affidavits, Booth offered mostly speculation. However, he also submitted the purported certification of another inmate, Phillip Wesley Miller, which included the statement "they told him they weren't going to give Mr. Booth anything to live by while [in administrative custody] because Mr. Booth like [sic] filing grievance and civil suit [sic] against their friend and supervisor." As noted above, the District Court called the document a copy, in what plainly appeared to be in Booth's handwriting, which did not include the signature of the declarant (instead it included a photocopy of the inmate's signature).

The District Court denied the motion for summary judgment on the merits but directed Booth to submit the original certification within 10 days. Booth never submitted the original. It was, and remains, unclear whether Miller swore to the statements in the declaration. The District Court acted properly in declining to exclude the declaration on hypertechnical grounds and allowing Booth to correct the deficiency. *See Fowle v. C & C Cola,* 868 F.2d 59, 67 (3d Cir.1989). However, Booth did not submit an original signed declaration in compliance with the District Court's order. Accordingly, there is no competent evidence in the record to dispute Defendants' claim that they knew nothing about Booth's protected activity.[3] Therefore, Defendants were entitled to summary judgment on the merits.

*For the reasons given, we will affirm the judgment of the District Court.* Booth's

motion for appointment of counsel is denied.

---

**3.** We note that Booth also included a list of statements he attributed to Defendants, but we do not consider them because he did not swear to the truth of the statements in an affidavit.